## 75930. HAMILTON v. THE STATE.
(365 SE2d 542)

BANKE, Presiding Judge.

The appellant filed this appeal from the denial of his motion for new trial after being found guilty of trafficking in cocaine. At trial, the appellant admitted that he had been in possession of the cocaine in question but maintained that he had found it by the side of the road and placed it in the trunk of his vehicle without knowing what it was. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty of trafficking in cocaine beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in failing to charge the jurors, without request, that if they believed the arresting officer had searched the trunk of his vehicle without his consent they should disregard all testimony regarding the fruits of the search and find him not guilty. Prior to trial, the appellant filed a motion to suppress the contraband, and this motion was denied by the trial court following an evidentiary hearing. The correctness of that ruling is not contested on appeal. Pursuant to OCGA § 17-5-30 (b), all questions, both factual and legal, raised by a motion to suppress are addressed to the trial judge rather than the jury. See *Rogers v. State*, 155 Ga. App. 685 (2) (272 SE2d 549) (1980). Thus, the trial court did not err

in failing to submit the issue of the legality of the search to the jury in the present case.

3. The appellant contends that the trial court erred in failing to charge the jurors, again without request, that they should find him innocent if they determined that he had been in constructive possession of the cocaine at the time of his arrest rather than actual possession. Possession of a controlled substance may be either actual or constructive for purposes of a criminal prosecution. It follows that this enumeration of error is also without merit. See, e.g., *Garvey v. State*, 176 Ga. App. 268, 274 (6) (335 SE2d 640) (1985).

4. The appellant's remaining 11 enumerations of error concern the trial court's failure to give charges which, unlike the charges at issue in the previous two enumerations of error, were requested by him in writing in accordance with OCGA § 5-5-24 (b). The sum total of the argument offered with respect to each of these enumerations of error consists merely of a statement of the number, but not the substance, of the requested charge, followed by the bare citation of one or more Georgia cases. We have reviewed each of these enumerations of error and have determined each to be without merit.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1988.

*John W. Davis*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.