## 75915. MILLS v. THE STATE.
### (369 SE2d 283)

BENHAM, Judge.

Appellant was convicted of the aggravated assault and aggravated battery of his wife, who was blinded as a result of the attack. On appeal he raises six enumerations of error.

1. Because of a comment made by the trial judge during a hearing on appellant's motion for funds to retain an independent medical expert, appellant filed a motion to recuse the judge. The motion was denied, and appellant cites that denial as error. We disagree. Appellant, as movant, was required to file a timely and legally sufficient motion. *Romine v. State*, 251 Ga. 208 (2) (305 SE2d 93) (1983). Under Rule 25.1 of the Uniform Rules for Superior Courts (253 Ga. 841), the motion is timely if filed and presented to the judge not later than five days after the affiant first learned of the ground for disqualification, unless good cause is shown for failure to meet such a time requirement. The trial judge's comment, the basis on which appellant sought disqualification, was allegedly made at a hearing on March 5, 1987,

and appellant became aware of it at that time. However, he did not file his motion to recuse until March 18, 1987, and did not show good cause for failing to do so earlier. Since the motion was not timely, the trial court did not err in denying it. *Romine,* supra.

2. Appellant also argues that the trial court erred in denying his motion for funds to retain a medical expert. We again find no error, inasmuch as the motion was not timely filed. USCR 31.1 requires that such a motion be made and filed at or before time of arraignment, unless a written extension of time is given by the trial court before trial. Appellant did not comply with that requirement, and the State objected on that basis. The motion was properly denied. See *Tillman v. State,* 184 Ga. App. 210 (3) (361 SE2d 66) (1987). Compare *Thornton v. State,* 255 Ga. 434 (2) (339 SE2d 240) (1986), in which a timely request was made and granted.

3. The trial court declined to give appellant's request to charge on the defense of accident, finding that there was no evidence presented to support it. Appellant cites this denial as error, arguing that even absent the request, the trial court should have given such a charge, since accident was his sole defense. The defense of accident is defined by OCGA § 16-2-2 as follows: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." The theory of appellant's case was that the victim had been in an automobile which had run into a ditch before she was assaulted and that the incident involving the automobile, not the assault, was the cause of her injury and blindness. Contrary to appellant's contentions, the evidence to that effect did not raise the issue of accident or misfortune within the meaning of OCGA § 16-2-2. The trial court did not err in refusing to give the charge requested. *Newsome v. State,* 149 Ga. App. 415 (5) (254 SE2d 381) (1979).

4. Appellant contends that he should not have been sentenced for aggravated assault and aggravated battery because the offenses merged. He relies on OCGA § 16-1-7 (a), which states: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." In other words, "a felony may merge into another felony which requires an additional element or a more culpable mental state or a more serious injury or risk of injury to the same person, property, or public interest. This provides for broader protection to an accused than does the Federal Constitution." *Pryor v. State,* 238 Ga. 698, 701 (234 SE2d

918) (1977). Applying those definitions to appellant's case, the aggravated assault conviction did merge into the aggravated battery conviction. The facts adduced to support the aggravated assault charge, as it was set forth in the indictment, were the same facts used to support the aggravated battery charge, as it was set forth in the indictment, with the additional element being the victim's loss of use of her eye. *Mitchell v. State*, 238 Ga. 167 (231 SE2d 773) (1977). Since appellant could not have been convicted for both crimes, the conviction for the included offense, the assault, must be vacated. *Green v. State*, 170 Ga. App. 594 (2) (317 SE2d 609) (1984). Therefore, we agree that appellant should have been sentenced for the aggravated battery, but not for the aggravated assault.

5. In view of the disposition of appellant's enumeration of error in Division 4 of this opinion, we need not address the remaining two enumerations of error.

*Judgment affirmed in part and vacated in part. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1988 —
REHEARING DENIED MAY 6, 1988.

*Christopher C. Edwards*, for appellant.
*Robert E. Keller*, District Attorney, *Deborah Benefield*, Assistant District Attorney, for appellee.