## 77577. KNIGHT v. THE STATE.
(378 SE2d 373)

BANKE, Presiding Judge.

The appellant was sentenced to consecutive prison terms for armed robbery, burglary, rape, aggravated battery, and aggravated assault. On appeal, he contends that the evidence did not authorize the

armed robbery conviction and that the aggravated battery and aggravated assault convictions should have been merged because those offenses were established by the same conduct. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of armed robbery. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The aggravated assault count of the indictment alleged that the appellant had assaulted the victim with a knife. See generally OCGA § 16-5-21 (a) (2). The aggravated battery count alleged that he had caused bodily harm to the victim "by seriously disfiguring her body by causing scars to her neck. . . ." See generally OCGA § 16-5-24 (a). If these counts were based on the "same conduct," it is clear that the aggravated assault would be included in the aggravated battery. See OCGA § 16-1-7. See also OCGA § 16-1-6; *State v. Estevez*, 232 Ga. 316, 319 (206 SE2d 475) (1974). However, the evidence showed that the appellant stabbed the victim with the knife "a dozen or so" times, transecting her larynx and esophagus and causing extensive scarring of her throat and breast. "Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. (Cits.)" *Jones v. State*, 161 Ga. App. 620, 622 (288 SE2d 795) (1982). Thus, the evidence in this case does not demonstrate that the aggravated assault and the aggravated battery were based on the "same conduct" within the contemplation of OCGA § 16-1-7, with the result that the separate convictions for these offenses may stand. Accord *Talley v. State*, 164 Ga. App. 150, 153 (7) (296 SE2d 173) (1982), aff'd 251 Ga. 42 (302 SE2d 355) (1983). Compare *McClure v. State*, 179 Ga. App. 245 (2) (345 SE2d 922) (1986).

*Judgment affirmed. Birdsong, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur in Division 1 but concur in the judgment only, with respect to Division 2.

I find no case where multiple stab wounds, inflicted sequentially and without interruption, constitute separate crimes. However, considering the indictment, the proof, and the verdict in this case, what we have is that one series of stabbings, unbroken by any other act of defendant, is regarded as two acts, one being the initial assault or all of the assaults which did not result in scarring to the neck, and the other being the several stabbings resulting in scars to the neck.

Although I have a hard time viewing these multiple stabs as two separate and independent crimes, I concede that it is analytically pos-

sible and so concur in the judgment. I do not believe, however, that we should open the door to multiple counts for each stab, which I read the opinion as doing.

This case is close to, but differs from, *Mills v. State*, 187 Ga. App. 79, 80 (4) (369 SE2d 283) (1988), where "[t]he facts adduced to support the aggravated assault charge, as it was set forth in the indictment, were the same facts used to support the aggravated battery charge, as it was set forth in the indictment, . . ." The indictment against Knight alleged different facts as to each count. Likewise in *Mitchell v. State*, 187 Ga. App. 40, 44 (369 SE2d 487) (1988), where both charges referred to the same ultimately proved facts. In *Mathis v. State*, 184 Ga. App. 455, 457 (7) (361 SE2d 856) (1987), it was the "language of the indictment . . ." which governed the outcome. Unlike the Knight indictment, one count in *Mathis* was "plainly sufficient to include [both offenses]." The wording of the indictment is not set out in *Moreland v. State*, 183 Ga. App. 113, 114 (1) (358 SE2d 276) (1987), although the Court held that a merger occurred. This results when, unlike here, what is alleged in one count, matched with what is proved, covers both counts.

DECIDED JANUARY 30, 1989.

*Andrews & Seery, Stephen H. Andrews*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.