A89A0246. THE STATE v. GRANDISON.
(385 SE2d 139)

BEASLEY, Judge.

Defendant was indicted on June 9 for trafficking in cocaine (OCGA § 16-13-31) and entered a plea of not guilty at his arraignment on August 17. He appeared without counsel, who had earlier filed a "notice of conflict" setting out that the scheduled arraignment might conflict with other cases pending in other courts. No objection was made to defendant's arraignment, and no request for its continuance was made, either in advance by counsel or, insofar as the record shows, by defendant at the time set for arraignment. Nor was any request made for an extension of time for the filing of motions, as provided for by USCR 31.1.

Defendant filed a motion to suppress evidence on August 22 and obtained a hearing date of September 22. On September 16 the State

moved to dismiss the motion as untimely pursuant to USCR 31. The court heard both motions on September 22. It denied the State's and granted defendant's.

The State contends the court erred in considering defendant's untimely motion. The rule requires motions to be filed at or before arraignment. It provides, however, that the time may be lengthened if a written extension is given by the court before trial. USCR 31.1; *Mills v. State*, 187 Ga. App. 79, 80 (2) (369 SE2d 283) (1988). The court has discretion in this matter, which will not be disturbed absent abuse. *Hall v. State*, 181 Ga. App. 92, 93 (1b) (351 SE2d 236) (1986).

Holding the arraignment as scheduled is not enumerated as error. Instead, defendant argues in effect that since counsel was not present, USCR 31.1 should not apply. Or at least, he contends, an exception should be made, extending the time for filing of motions for some undescribed period in circumstances such as his. He does not contend, nor does the record show, that he could not have filed, at arraignment or before, a motion to suppress prepared by counsel.

The rule allows of no exceptions as such but is hedged by authorizing the court to extend the time for filing, prior to trial and in writing. When defendant filed his late motion to suppress, however, he did not seek an extension so as to give cognizability to his motion. Instead, he simply had it set for hearing. The State moved to dismiss it as untimely. Still no written order allowing late filing was sought.

When the untimely motion came on to be heard, the State stood on its ground of procedural deficiency. The discretion exercised by the court was not in compliance with that authorized by USCR 31.1. See also *Mills*, supra. The court had the option of dismissing the motion to suppress or entertaining a request by defendant to enter a written order allowing its late filing. In the event the defendant sought the latter and the court chose to issue such, it then should have considered resetting the motion to suppress so as to give an opportunity to subpoena witnesses as to the merits.

*Judgment reversed. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong and Pope, JJ., concur. McMurray, P. J., Sognier and Benham, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

It is my view that the trial court properly exercised its discretion in considering defendant's out-of-time motion to suppress. Further, it cannot be said that the trial court erred in granting defendant's motion to suppress evidence since the State's attorney failed to present any evidence in opposition to defendant's unrefuted allegations of fact showing that his arrest, search and seizure were unlawful.

Defendant was arraigned on August 17, 1988, and entered a plea of not guilty. On August 22, 1988, defendant filed a motion to sup-

press evidence. The State, on September 16, 1988, moved "to dismiss the Motion to Suppress . . . because it was not timely filed as required by Rule 31.1 of the Uniform Superior Court Rules." On August 22, 1988, the trial court set a hearing to be conducted on September 22, 1988, for the State to show cause why defendant's motion should not be granted. The trial court conducted a hearing on the opposing motions and, in an order entered September 22, 1988, the trial court denied the State's motion to dismiss and granted defendant's motion to suppress.

(a) The State contends the trial court erred in considering defendant's untimely motion to suppress.

Although Rule 31.1 of the Uniform Rules for the Superior Courts (253 Ga. 853) requires that "[a]ll motions, demurrers, and special pleas . . . be . . . filed at or before time of arraignment," it also provides that the time for filing such motions may be lengthened if a written extension of time is given by the trial court before trial. *Mills v. State*, 187 Ga. App. 79, 80 (2) (369 SE2d 283). The trial court's discretion in granting such an extension will not be disturbed on appeal absent abuse. See *Hall v. State*, 181 Ga. App. 92, 93 (1, b) (351 SE2d 236); *Roman v. State*, 185 Ga. App. 32 (1), 33 (363 SE2d 329); and *Thompson v. State*, 186 Ga. App. 421, 422 (2) (367 SE2d 586).

In the case sub judice, the trial court's order, denying the State's motion to dismiss defendant's untimely motion, effectively extended the time in which defendant was permitted to file his motion to suppress. Consequently, since the record shows that the State had more than ample time to prepare for defendant's motion to suppress before hearing, I find no abuse in allowing defendant to proceed with his motion to suppress. See *Thomas v. State*, 118 Ga. App. 359, 360 (2) (163 SE2d 850). Compare *Stansifer v. State*, 166 Ga. App. 785, 787 (3), 788 (305 SE2d 481).

(b) Next, I turn to whether the trial court erred in granting defendant's motion to suppress.

After denying the State's motion to dismiss, the trial court instructed the State to proceed on defendant's motion to suppress. The State's attorney responded, "Your honor, the State has no evidence to present on the motion to suppress. We stand on the motion to dismiss the motion to suppress." The trial court then ruled that the State "failed to carry its burden" and granted defendant's motion to suppress.

The burden of proving that a search was lawful is on the State. OCGA § 17-5-30 (b). Consequently, as the State failed to carry its burden of proof and since there was no question that defendant's motion to suppress stated sufficient unrefuted allegations of fact showing that his arrest, search and seizure were unlawful, it is my view that the trial court did not err in granting defendant's motion to suppress.

See William W. Daniel, Ga. Crim. Trial Prac. (1986 ed.) 415, § 14-54.
I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 26, 1989 —

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellant.
*Herbert Shafer*, for appellee.