A93A0233. DAVIS v. THE STATE.
(433 SE2d 366)

BLACKBURN, Judge.

The defendant, Harold Davis, was charged with aggravated assault and aggravated battery. Following a trial by jury, he was convicted of both offenses, and sentenced to 20 years' imprisonment to serve concurrently. The trial court allowed the defendant to file an out-of-time motion for new trial, and the motion was subsequently denied by the trial court. This appeal followed.

On May 7, 1989, the defendant was taken to his residence by a local taxi driver where a dispute subsequently arose as to the fare due the driver. The driver notified his dispatcher of the dispute and thereafter, the dispatcher requested the assistance of the police department to resolve the dispute. Upon arrival to the scene, Officer R. K. Straut saw the driver in front of the defendant's home and proceeded to question him about the incident. After questioning the driver, the officer went to the defendant's door and asked the defendant to step outside of his home for questioning. The officer frisked the defendant for safety reasons, and asked the defendant why he refused to pay the driver. The defendant informed the officer that he had paid the $5.20 taxi fare to the driver. The officer asked the defendant to put his hands behind his back as the officer intended to handcuff the defendant and place him in the back of his car. However, the defendant grabbed the officer's arm and a struggle ensued. During the altercation, the defendant continuously struck the officer in the head. As the officer reached for his weapon, the defendant seized the gun and shot the officer on the right side of his head. The defendant subsequently seized another gun from the officer. During the incident, a bullet hit the wall and a tile particle hit the officer in the eye, impairing his vision. As a result of the altercation, the officer has experienced paralysis on his left side.

1. In his first enumeration of error, the defendant contends that the trial court erred in failing to merge his aggravated assault with the aggravated battery conviction. We agree.

OCGA § 16-1-7 (a) specifically provides, in part, that "[w]hen

the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other. . . ." "In other words, 'a felony may merge into another felony which requires an additional element or a more culpable mental state or a more serious injury or risk of injury to the same person. . . . This provides for broader protection to an accused than does the Federal Constitution.' [Cit.]" *Mills v. State,* 187 Ga. App. 79, 80 (4) (369 SE2d 283) (1988). In *Mills,* we vacated the conviction for the aggravated assault, the lesser included offense, and held that the aggravated assault conviction merged into the aggravated battery conviction because "[t]he facts adduced to support the aggravated assault charge, as it was set forth in the indictment, were the same facts used to support the aggravated battery charge, as it was set forth in the indictment, with the additional element being the victim's loss of use of her eye." Id. at 81. As a result, we determined that the defendant in *Mills* should have been sentenced only for the aggravated battery offense and not for the aggravated assault.

In the case sub judice, according to the indictment for the aggravated assault charge, the defendant "did unlawfully and knowingly commit an assault upon the person of R. K. Straut, a peace officer employed by the City of Atlanta Bureau of Police Services as a police officer, who was, at the time of said assault, engaged in the performance of his official duties as such peace officer; said assault being committed by accused shooting him with a pistol, the same being a deadly weapon." The language in the indictment for aggravated battery indicated that the defendant "did unlawfully commit an assault upon the person of R. K. Straut, a peace officer employed by the City of Atlanta Bureau of Police Services as a police officer, who was, at the time of said assault, engaged in the performance of his official duties as such peace officer; said assault being committed by accused rendering a member of his body useless, to wit; his legs." Although the indictment does not indicate what specific action of the defendant rendered the officer's legs useless, the facts in this case indicate that the officer became paralyzed as a result of the bullet wound to his head during the altercation. Inasmuch as the facts in this case were the same facts used to support the indictments on both offenses, we agree with the defendant that the trial court erred in sentencing him on the aggravated assault charge. Accordingly, his sentence on the aggravated assault charge is vacated.

2. In his second enumeration of error, the defendant asserts that the trial court erred in giving an overbroad charge to the jury on aggravated assault. We disagree.

The trial court specifically charged the jury that "a person commits aggravated assault when he assaults another person, one, with

intent to murder, rape or rob; or, two, with a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." The language of the charge by the court specifically tracked OCGA § 16-5-21 (a) which defines the offense. "First, [defendant] made no contemporaneous objection to the instruction. A criminal defendant is not relieved 'of the obligation to make timely objection throughout the trial. This obligation is essential to the court's trying the case with as few errors as possible.' [Cits.]" *Hambrick v. State*, 204 Ga. App. 668 (1) (420 SE2d 308) (1992). Moreover, " '[i]t is not usually cause for new trial that an entire Code section be given. (Cits.) This is so even though a part of the charge may be inapplicable under the facts in evidence. (Cits.)' [Cit.] The indictment was read to the jury as part of the court's instruction and was provided to them during deliberations. The targeted instruction was a correct statement of the law and, considering the entire charge, could not have misled the jury into convicting defendant of a manner not charged by the grand jury." Id. at 671. Considering the correctness of the charge, and the failure of the defendant to object to the charge before the jury retired, we conclude that the instruction was not erroneous.

3. In enumeration of error 3, the defendant contends that the trial court erred in failing to instruct the jury to disregard the prosecutor's improper closing argument and failed to provide curative instructions. Under OCGA § 17-8-75, "[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds. . . ." However, "[i]n order to secure appellate review of a purported violation of OCGA § 17-8-75, it is necessary to object in the trial court to the allegedly prejudicial comment at the time it is made. [Cit.]" *Johnson v. State*, 198 Ga. App. 316, 317 (7) (401 SE2d 331) (1991). This was not done in this case. Consequently, there is nothing for this court to review.

4. In enumerations 4 and 5, the defendant contends that the trial court erred in failing to charge the jury on self-defense and an accused's right to resist an illegal arrest. However, the record shows that the defendant did not request that the trial court charge the jury on these defenses and the defendant did not object to the trial court's failure to do so at trial. Having failed to pose an objection or exception to the trial court's failure to give these charges, we conclude that the defendant has waived his right to assert a charging error on appeal. *Grissett v. State*, 199 Ga. App. 547 (1) (405 SE2d 542) (1991). However, contrary to the defendant's contentions, the trial court did in fact charge the jury on self-defense, specifically charging that "[a]

person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against the other's imminent use of unlawful force." Consequently, these enumerations are without merit.

5. The defendant next argues that the trial court erred in quashing his subpoena for the victim's personnel file. However, the defendant does not point to a specific document within the personnel files which may cast doubt upon the victim's credibility or show the victim's propensity for violence. As we have previously held in *Taylor v. State*, 182 Ga. App. 494, 496 (1) (356 SE2d 216) (1987), " '[t]he officer's . . . file can have no relevance to the guilt or innocence of the defendant in this case and the trial judge was absolutely correct to deny defendant access to it, the more so because it was to be a fishing expedition and defendant did not know what he hoped to find therein, except his own complaint against the officer. (Cit.)' [Cit.]" Pretermitting the issue of whether the defendant has shown that the victim is a person of violent nature, "the victim's violent character may not be established by proof of specific acts of violence. . . . [Cit.]" *Hill v. State*, 259 Ga. 655, 657 (4) (386 SE2d 133) (1989), overruled on other grounds, *Edge v. State*, 261 Ga. 865, 867 (414 SE2d 463) (1992). Inasmuch as the defendant subpoenaed the victim's personnel record in search of specific acts of violent misconduct, which evidence is inadmissible, we conclude that the trial court's refusal to order the production of the victim's personnel file was not erroneous.

6. Lastly, the defendant contends that he was denied effective assistance of counsel. Specifically, he maintains that trial counsel failed to object to charges given by the trial judge, failed to request that specific instructions be given to the jury, and failed to object to improper statements made by the prosecution in its opening statement and closing argument. The defendant further contends that this deficient performance contributed to his conviction. However, this issue has been decided adversely to the defendant. Accordingly, we must reject the defendant's contentions.

In *Abreu v. State*, 206 Ga. App. 361, 362 (1) (425 SE2d 331) (1992), we held that "[t]rial counsel's failure to object does not demonstrate his ineffectiveness, because there was no reversible error." " 'The fact that defense counsel made no . . . objections to the charge obviously establishes no lack of effectiveness on his part absent some deficiency or impropriety in the charge which was harmful to the [defendant].' [Cit.]" Id. at 362-363. In the case sub judice, the defendant did not show that the charges in question were erroneous, that trial counsel's failure to object to statements made in the prosecution's opening statement and closing argument or failure to request that specific charges be given to the jury, prejudiced his defense. Although the defendant maintains that counsel did not fully investigate

his case, this is not supported by the record. Contrary to the defendant's contentions, " '[a] defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance.' (Citations, punctuation, and emphasis omitted.) [Cit.]" *Watkins v. State*, 206 Ga. App. 575, 576 (2) (426 SE2d 26) (1992). Considering the totality of the representation provided by defendant's trial counsel, we conclude that the trial court's denial of his motion for new trial based upon ineffective assistance of counsel was not clearly erroneous.

*Judgment affirmed in part and vacated in part. Johnson and Smith, JJ., concur.*

DECIDED JUNE 24, 1993.

*Pearl P. Keng, Steven J. Jackson*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Patsy Y. Porter, Assistant District Attorneys*, for appellee.