## A93A1522. CHANDLER v. THE STATE.
### (436 SE2d 539)

MCMURRAY, Presiding Judge.

This case first appeared in *Chandler v. State*, 204 Ga. App. 816 (421 SE2d 288), where defendant's convictions for aggravated assault and aggravated battery of a police officer engaged in the performance of her duties were vacated because the trial court "did not instruct [the jury] that an element of the charged offenses was that the defendant acted with knowledge that the victim was a peace officer." Id. at 820 (3). The case was remanded for a new trial or for sentencing on the lesser included offenses of aggravated assault and aggravated battery. Upon remand, the trial court sentenced defendant on the lesser included offenses of aggravated assault and aggravated battery. This appeal followed. *Held*:

1. In his first enumeration, defendant contends the trial court erred in sentencing him on the lesser included offenses instead of granting a new trial on the charges of aggravated assault and aggravated battery of a police officer engaged in the performance of her duties.

In *Bundren v. State*, 247 Ga. 180 (274 SE2d 455), the trial court failed to instruct the jury that an essential element of aggravated assault of a police officer is that the defendant acted with knowledge that the victim is a peace officer. The Court reversed and remanded the case for a new trial or for sentencing on the lesser included offense of aggravated assault. Id. at 181 (1), 182. The same procedure was employed in the case sub judice. Consequently, the trial court did not err in sentencing defendant on the lesser included offenses instead of ordering a new trial on the charges of aggravated assault and aggravated battery of a police officer engaged in the performance of her duties.

2. Next, defendant contends the trial court erred in sentencing him for aggravated battery and aggravated assault, arguing that the crimes merged as a matter of fact. This enumeration is without merit as the evidence adduced at trial reveals that each offense was a completed crime when the next was perpetrated upon the victim. *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 29, 1993.

*Michael Mears*, for appellant.

*J. Tom Morgan, District Attorney, J. Michael McDaniel, Barbara B. Conroy, Assistant District Attorneys*, for appellee.