### A94A1994. ELLIS v. THE STATE.
(453 SE2d 810)

POPE, Presiding Judge.
Defendant was convicted by a jury of possession of cocaine and possession of cocaine with intent to distribute. He appeals following denial of his motion for new trial.

Based on information received from a reliable source, Officer Mark Tison stopped a vehicle in which defendant was a passenger. Tison removed defendant from the vehicle and, after a brief pat-down search for weapons, put defendant in the back seat of the patrol car. Defendant was the only one in the patrol car, and after defendant exited the vehicle, a bag containing 15 pieces of cocaine was found under the rear seat. Officer Tison testified that he knew the bag was not there before defendant was placed in his patrol car, because Tison

routinely looks under the seat any time anyone sits back there, and he had done so after the last person sat there four hours earlier.

1. Although defendant entered his not guilty plea October 19, 1993, he did not file a motion to suppress evidence of the seized cocaine until January 25, 1994 — one day after his case appeared on the trial calendar and one day before his trial actually began. As motions to suppress must be filed by the time a defendant enters his plea unless there was no opportunity to do so or a written extension is granted by the court, the trial court did not err in refusing to consider defendant's motion to suppress. See *Waller v. State*, 251 Ga. 124 (5) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984); *Davis v. State*, 203 Ga. App. 315 (4) (416 SE2d 789) (1992).

Defendant concedes the propriety of the trial court's refusal to consider his motion, but argues that because the trial court never actually decided whether the stop, arrest and seizure were legal, the jury should have had the opportunity to consider the question. Pursuant to OCGA § 17-5-30 (b), however, all questions raised by a motion to suppress are for the judge rather than the jury to decide. See *Hamilton v. State*, 185 Ga. App. 749 (2) (365 SE2d 542) (1988). And contrary to defendant's assertion, a defendant's failure to file a timely motion to suppress does not turn a question for the court into a question for the jury; rather, it " ' "amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question." (Cits.)' [Cit.]" *Thompson v. State*, 195 Ga. App. 18, 21 (2) (392 SE2d 732) (1990). If defendant's argument were accepted, a defendant could simply choose to have the jury rather than the judge decide the search and seizure issue by failing to raise it in a timely manner — an unacceptable result under OCGA § 17-5-30. For these reasons, defendant's first enumeration of error is without merit.

2. Defendant next argues that the trial court improperly commented on the evidence by telling the jury that information one police officer receives from another is presumed to be reliable. However, our reading of the trial court's comment in context shows that the court was not commenting on any evidence, but was instead explaining a correct proposition of law: that Police Officer A may act on information received from a reliable source, even if that reliable source spoke to Police Officer B, who then communicated the information to Police Officer A. See *Westfelt v. State*, 192 Ga. App. 791 (386 SE2d 542) (1989). The trial court repeatedly instructed the jurors that it was their responsibility to determine the credibility of witnesses, and that any comments the court made during the course of the trial were not to be taken by them as comments on the evidence. See *Mullinax v. State*, 255 Ga. 442 (4) (339 SE2d 704) (1986) (all of the judge's instructions may be considered in determining whether the trial court

improperly expressed an opinion). Accordingly, the trial court's comment did not violate OCGA § 17-8-57, and defendant's second enumeration of error is also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 6, 1995.

*Jay L. Palmer,* for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney,* for appellee.