A95A1419. DUPREE v. THE STATE.
(458 SE2d 698)

SMITH, Judge.

Roger Dale Dupree was charged by indictment with two counts of aggravated assault, aggravated battery, burglary, and possession of a firearm by a convicted felon. The jury found him guilty of both counts of aggravated assault and on the aggravated battery charge, but not guilty on the burglary charge. Based on the verdict, Dupree elected to enter a plea on the possession of firearm charge. Through different counsel, Dupree moved for new trial, raising the general grounds, an ineffective assistance claim, and an issue as to whether one of the aggravated assault charges should have merged with the aggravated battery charge for sentencing purposes. The motion was orally denied in all respects from the bench, and the State was requested to prepare a one-sentence order to that effect. Dupree's appellate counsel later filed a motion for leave to file an out-of-time appeal, explaining that he never received a copy of the written order entered on the matter. The motion was granted, and Dupree appeals, enumerating the identical issues argued at his motion for new trial.

1. Dupree correctly notes that our review of his arguments as to the general grounds is limited to whether a rational trier of fact, viewing the matter in a light most favorable to the verdict, could have found him guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Dupree does not dispute that he fired two shotgun blasts into Jeff Hulsey's trailer, or that he injured Wanda Hulsey Kitchens (Hulsey's sister and Dupree's former girl friend) and Tina Hulsey (Hulsey's wife) as a result. Dupree's defense was that he was carrying the shotgun up to Jeff Hulsey's trailer for purposes of self-defense against Jeff Hulsey, that the first shotgun blast was the result of his tripping on Hulsey's porch steps, and that the second blast was merely a surprise reflex reaction to the first.

"[T]he defense of accident raises an issue as to defendant's intent. Such an issue is a question of fact to be determined upon consideration of defendant's words, conduct, demeanor, motive, and all other circumstances connected with the act for which [he] is prosecuted. [Cit.]" *Carroll v. State*, 208 Ga. App. 316, 317 (1) (430 SE2d 649) (1993). Even assuming Dupree's explanation is within the realm of theoretical possibility, it is certainly not an explanation that would necessarily raise a reasonable doubt in the minds of the jury as to

whether Dupree intended to fire the shotgun twice into Jeff Hulsey's trailer — especially in light of the testimony from Wanda Kitchens that she heard Dupree calling her name and was fleeing from him in fear immediately before she was shot. The jury was certainly authorized to disbelieve Dupree's claim of accident under these facts.

Dupree also argues, without citing any authority, that the aggravated assault charge for the shooting of Tina Hulsey cannot stand because Dupree did not know Tina Hulsey was in the trailer and that he therefore did not intend to shoot her. But Dupree testified at trial that he *did* know that *Jeff* Hulsey was in the trailer, so he knew that there were at least two potential victims inside as he began firing his shotgun. We may safely assume that Tina Hulsey was merely an innocent bystander to the assaults committed upon Wanda Hulsey Kitchens and Jeff Hulsey and that Dupree did not specifically intend to assault her. Nevertheless, the jury was authorized to find that Dupree's intent in assaulting both Wanda Kitchens and Jeff Hulsey supplied the intent necessary to sustain an aggravated assault conviction for the shooting of Tina Hulsey, because "the intent follows the bullet." *Green v. State*, 123 Ga. App. 286 (1) (180 SE2d 564) (1971). "Where there is but one intent there is but one transaction and one offense; where there is an intent to kill or injure [or assault] two or more, there are separate transactions and separate offenses." *Hand v. State*, 90 Ga. App. 452, 458 (3) (83 SE2d 276) (1954). The jury could infer beyond a reasonable doubt that Dupree intended to assault more than one person, and he in fact injured two persons with a shotgun. We therefore find no error in the judgment entered as to the shooting of Tina Hulsey.

2. As to Dupree's ineffective assistance claim, we have read the transcript of the hearing on the matter and considered the points raised by Dupree's counsel at that time. Based on this, we find no basis to conclude that the trial court's denial of Dupree's motion for new trial on this basis was clearly erroneous. See, e.g., *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107) (1993).

3. On the question of merger, we agree with Dupree that he may not be convicted and sentenced for both aggravated assault (with a deadly weapon) and aggravated battery for the shooting of Wanda Kitchens. The State argues that the aggravated assault was completed before the aggravated battery occurred, but that is beside the point. The question before us is whether Dupree committed any act *separate and distinct* from that minimally necessary to effect the shooting of Wanda Kitchens, and if so, whether such an act constituted an aggravated assault with a deadly weapon.

The transcript reveals that Kitchens was not aware that Dupree was carrying a shotgun until the instant before she was shot. Kitchens testified: "I turned and looked and he shot me." This was a single

transaction. Although it is certainly of little consolation to Ms. Kitchens, it must be acknowledged that Dupree accomplished his apparent goal with cruel efficiency. Moreover, the State does not show that Dupree fired the two shots in anything other than "quick succession," as Dupree implicitly contends. See *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). Since the State did not present evidence authorizing an inference that a significant period of time elapsed between the two shots, it makes no difference to our analysis that Dupree fired more than once before retreating.

It follows that this single transaction cannot support convictions for both aggravated battery and aggravated assault with a deadly weapon. "While the crimes are separate and distinct as a matter of law, under the evidence in this case the assault is included in the battery as a matter of fact; therefore, only one punishment may be inflicted. [Cit.] It was proper to submit both counts to the jury; however, as a matter of fact there was but one criminal act." *Biddy v. State*, 138 Ga. App. 4, 6-7 (3) (225 SE2d 448) (1976). The conviction and sentence entered for the aggravated assault of Wanda Kitchens must therefore be reversed. Id.; *Montes*, supra.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 28, 1995.

*Michael L. Chidester*, for appellant.
*Frederic D. Bright, District Attorney, F. Maxwell Wood, Assistant District Attorney*, for appellee.