## A95A1225. THE STATE v. BISHOP.
(466 SE2d 8)

RUFFIN, Judge.

Melvin Bishop was arrested for possessing cocaine with intent to distribute on October 8, 1993. On January 25, 1994, his attorney entered a notice of appearance and filed numerous pretrial motions as well as other documents. A committal hearing was held on February 10, 1994, and on June 8, 1994, Bishop was indicted. On August 10,

---

1994, he waived arraignment and filed the same pretrial motions and documents he had filed six months earlier.

The case was first set for trial on September 12, 1994, but was not heard at that time. It was reset for January 12, 1995. On January 12, Bishop's attorney filed an untimely motion to suppress without notice to the State, and that day the trial court permitted the late filing of the motion. The State moved to dismiss the motion as untimely and because there were no extenuating circumstances such as newly discovered evidence which would justify extending the time to file the motion. The court denied the motion to dismiss and granted the motion to suppress. The State appeals.

1. The State enumerates as error the trial court's failure to grant its motion to dismiss.

Uniform Superior Court Rule 31.1 requires that all motions in a criminal case "be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." "[M]otions to suppress must be filed by the time a defendant enters his plea unless there was no opportunity to do so or a written extension is granted by the court. . . ." (Citations omitted.) *Ellis v. State*, 216 Ga. App. 232, 233 (1) (453 SE2d 810) (1995). The trial court has discretion in granting such extensions which will not be disturbed absent abuse. *State v. Grandison*, 192 Ga. App. 473 (385 SE2d 139) (1989).

Here, Bishop's attorney had ample opportunity to file a timely motion given that he had the information upon which the motion was based for six months prior to Bishop's waiver of arraignment. See *Holton v. State*, 243 Ga. 312 (253 SE2d 736) (1979) (Supreme Court upheld the trial court's dismissal of defendant's second motion to suppress as dilatory because it was filed on the eve of trial and was predicated upon *facts already known to the defendant from a previous hearing*).

Nor did Bishop seek a written extension of time to file the motion to suppress. In *State v. Grandison*, supra, we held that the trial court abused its discretion in granting an untimely motion to suppress when the defendant's attorney failed to apply for a written extension of time to file a motion to suppress. "[Rule 31.1] allows of no exceptions as such but is hedged by authorizing the court to extend the time for filing, prior to trial and in writing. When [Bishop] filed his late motion to suppress, however, he did not seek an extension so as to give cognizability to his motion. Instead, he simply [moved for the evidence to be suppressed]." Id. at 474.

In addition, Bishop's attorney failed to serve the State with a copy of the motion to suppress. Such practice does not comply with Uniform Superior Court Rule 4.1 which provides that "[e]xcept as authorized by law or rule, judges shall neither initiate nor consider ex

parte communications by interested parties or their attorneys concerning a pending or impending proceeding." Based on the facts that Bishop's attorney failed to timely file the motion to suppress despite having an ample opportunity to do so, failed to seek a written extension of time to file the motion, argues neither below or on appeal why such extension was warranted, and filed the motion and obtained the order extending time without notifying the State, we find that the discretion exercised by the trial court in considering the motion was contrary to that authorized by Uniform Superior Court Rules 31.1 and 4.1. See also *State v. Grandison*, supra. Thus, the trial court erred in denying the State's motion to dismiss.

2. Based on our holding in Division 1, we need not address the State's remaining enumeration of error.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Bishop argues that this court has no jurisdiction to consider the propriety of the late filing of his motion to suppress because the State never appealed the rule nisi issued by the trial court which granted permission for the late filing of the motion and ordered the parties to appear and show cause why the motion should not be granted. In addition, Bishop argues that the State's notice of appeal specified the grant of the motion to suppress rather than the denial of the State's motion to dismiss. He cites no authority to support his argument that the State was required to appeal a rule nisi granting relief (permission for late filing of the motion) for which Bishop never moved. Moreover, OCGA §§ 5-7-1 and 5-6-34 (b) speak in terms of appeals taken from an "order, decision, or judgment" in a case. In *Beck v. Dean*, 177 Ga. App. 144 (338 SE2d 693) (1985), we discussed the difference between a rule nisi and an order. We stated that a rule nisi is "not a judgment on an issue." Id. at 145. Accordingly, in these specific circumstances, the State was not required to appeal from the rule nisi in order to appeal the trial court's order denying its motion to dismiss Bishop's motion to suppress.

Nor do we lack jurisdiction to consider the State's arguments with respect to the court's denial of its motion to dismiss simply because the grant of Bishop's motion to suppress is identified in the State's notice of appeal. To begin with, the State argued to dismiss the motion to suppress as untimely in conjunction with its argument to deny the motion. Moreover, "[b]ecause it is clear from the enumerations of error that the [State] seek[s] to appeal from the trial court's [denial of its motion], the failure to include the [denial of the motion] does not prevent our review of this matter. 'Where it is apparent from

the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from . . . the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from. . . .' OCGA § 5-6-48 (f); [cit.]" *Rea v. Bunce,* 179 Ga. App. 628, 631 (2) (347 SE2d 676) (1986).

Finally, Bishop argues on reconsideration that we erroneously stated in the opinion that his motion was never served on the State. The State argued at the hearing on its motion to dismiss that it had "no knowledge" of the filing of the motion, a statement which Bishop's attorney did not dispute. The certificate of service which Bishop cites as proof of service of the motion is attached to the rule nisi, not the motion to suppress. At any rate, service of the motion or lack thereof does not change the outcome of this opinion.

*Motion for reconsideration denied.*

DECIDED SEPTEMBER 21, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995.

*Britt R. Priddy, District Attorney, Johnnie Mae Graham, Assistant District Attorney,* for appellant.
*John L. Tracy,* for appellee.