A97A0078. RIDEN v. THE STATE.
(486 SE2d 198)

Judge Harold R. Banke.

After a jury convicted Keith Riden of aggravated assault and aggravated battery, the trial court sentenced Riden to 20 years' imprisonment and a $10,000 fine on each count. This appeal follows the denial of Riden's motion for new trial.

Viewed in a light most favorable to the verdict, the State's evidence showed the following. *Rigenstrup v. State,* 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Shortly after the consummation of a drug transaction, Riden concluded that he had been "ripped off" by the victim, Orvie Crawford. Riden and his cousin, Shumar Atkinson, then obtained a ride with their friend, Keith Brooks. Riden instructed Brooks to follow Crawford's pickup truck. When they caught up with Crawford's truck, Riden, with a gun drawn, leaped out and raced toward the driver's side. Atkinson shouted, "Keith, don't shoot that man!" Riden pointed the gun directly at Crawford, began shouting, then fired at Crawford at point blank range. The bullet entered Crawford's neck and exited in a downward motion, resulting in Crawford's paralysis from mid-chest and below. Crawford testified that after Riden pointed a pistol at him and began screaming, he attempted to accelerate his truck in reverse but was shot as he tried to escape. Although Crawford disclosed that prior to the shooting, he had been drinking heavily and also using crack cocaine, he was able to affirmatively identify Riden as the man who shot him.

After initially accusing his cousin of committing the shooting, Riden confessed to Officer Ronald Copeland that he pursued Crawford after discovering he had been shortchanged by receiving a 20 dollar bill for 50 dollars' worth of cocaine. Investigators located the weapon at the site specified by Riden. Ballistics testing confirmed that the weapon matched the bullet retrieved from inside Crawford's vehicle. Riden's audiotaped confession was played for the jury. *Held*:

1. Riden's contention that the evidence was insufficient to sustain the verdict is without merit. The State's evidence adduced at trial included the victim's testimony, Riden's audiotaped confession, the testimony from eyewitness Brooks, and the ballistics testing. In light of this evidence, a rational trier of fact could have found Riden guilty of the offenses of aggravated assault and aggravated battery within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court erred in failing to merge Riden's convictions for aggravated assault (OCGA § 16-5-21) and aggravated battery (OCGA § 16-5-24). OCGA § 16-1-7 (a). The facts used to support the aggravated assault charge, as set forth in the indictment, were the same facts used to support the aggravated battery charge, with the additional element of maliciously causing bodily harm "by rendering a member of his body useless . . . causing paralysis in his arms and legs." Inasmuch as the same evidence was used to support the indictments for both offenses, the trial court erred in sentencing Riden on the aggravated assault count, the lesser included offense. *Davis v. State*, 209 Ga. App. 187, 188 (1) (433 SE2d 366) (1993); compare *Knight v. State*, 190 Ga. App. 87 (378 SE2d 373) (1989) (physical precedent only) (separate acts of stabbing do not constitute same conduct). Accordingly, we vacate only the sentence on the aggravated assault conviction. *Mills v. State*, 187 Ga. App. 79, 80-81 (4) (369 SE2d 283) (1988).

*Judgment affirmed in part and vacated in part. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED APRIL 23, 1997.

Before Judge Adamson.

*Kathleen J. Anderson*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.