## A99A2258. WRIGHT v. THE STATE.
### (532 SE2d 724)

SMITH, Judge.

Eugene Leonard Wright was indicted by a Chatham County grand jury for aggravated assault with a handgun, aggravated assault with a knife, aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. He was also charged as a recidivist under OCGA § 17-10-7. He was acquitted of aggravated assault with a handgun and possession of a firearm by a convicted felon but convicted of the remaining charges. His motion for new trial was denied, and he appeals, asserting as his sole enumeration of error the failure of the trial court to merge the aggravated assault and aggravated battery convictions as a matter of fact. Finding no error, we affirm.

Construed to support the verdict, the evidence shows that

---

Wright attacked his wife with a large butcher knife, inflicting 26 stab wounds to her arms, chest, back, and shoulder. Several of these wounds were life-threatening, including a stab wound that lacerated her heart, another that punctured her lung, and a third that severed a major artery. Still another wound inflicted by Wright severed nerves in his wife's arm, leaving her with permanent nerve damage requiring that she wear a brace on the arm. According to the victim, the attack took place over a period lasting "two, maybe three — less than five minutes."

Wright was charged in the aggravated assault count with assaulting the victim "by stabbing her with a knife, an object which when used offensively is likely to and does result in serious bodily injury." In the aggravated battery count, Wright was charged with maliciously causing bodily harm to the victim "by seriously disfiguring her body or a member thereof, to wit: did inflict multiple stab wounds hindering the use of her arm and a stab wound to her heart."

Wright contends, as at sentencing and on his motion for new trial, that the convictions for aggravated assault and aggravated battery should have merged, citing *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). Montes shot a man three times, one shot proving fatal. He was convicted of both malice murder and aggravated assault, but the Supreme Court of Georgia found that the offenses merged as a matter of fact because the same evidence "— that he fired a deadly weapon and wounded the victim —" was used to prove both offenses. Id. The Supreme Court also noted, "[w]e take this opportunity to disapprove the language in *Pryor v. State*, 238 Ga. 698 (1) (234 SE2d 918) (1977), that each of a series of shots fired in quick succession constitutes a 'renewed assault.'" Id. at 474-475.

It is this proposition upon which Wright relies in contending that the stabbing of his wife 26 times constitutes only one aggravated assault and cannot also support a conviction for aggravated battery. Similarly, Wright cites another shooting case, *Dupree v. State*, 217 Ga. App. 684 (458 SE2d 698) (1995), in which this court relied on *Montes* to hold that two shots fired in "'quick succession'" constituted a "single transaction" for purposes of merger of an aggravated assault and an aggravated battery. Id. at 685-686 (3).

But *Montes* involves the merger of aggravated assault with malice murder and is not the appropriate authority to apply in this case. A decision more pertinent to the facts shown here is *Grace v. State*, 262 Ga. 746, 748 (2) (425 SE2d 865) (1993). In *Grace*, the Supreme Court declined to merge convictions for aggravated assault and aggravated battery as a result of two gunshots when the victim was blinded as a result of one wound:

The evidence used to prove the commission of the aggra-

vated assault was not used at all in proving the commission of the aggravated battery and thus there is no merit to Grace's contention that the aggravated assault was a lesser included offense of the aggravated battery. Compare *Montes v. State*, [supra].

Id. Similarly, in *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373) (1989),[1] Knight stabbed the victim "a dozen or so" times and seriously and permanently scarred her throat and breast. He was convicted of aggravated assault by assaulting the victim with a knife and of aggravated battery by causing bodily harm and disfigurement to the victim. We held that the aggravated assault was not included as a matter of fact in the aggravated battery, because the evidence did not demonstrate that "the aggravated assault and the aggravated battery were based on the 'same conduct' within the contemplation of OCGA § 16-1-7, with the result that the separate convictions for these offenses may stand." Id. The reliance of *Dupree v. State*, supra, upon *Montes* rather than upon *Grace* and *Knight* is not consistent with the facts shown in *Dupree*. For that reason, *Dupree* is disapproved.

Excluding the evidence of Wright's two acts that seriously injured the victim's arm and heart and were explicitly used to support Wright's conviction for aggravated battery, the 24 remaining acts of stabbing were not "used up" in proving the aggravated battery and provided sufficient evidence to support the separate conviction for aggravated assault.[2]

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Andrews, P. J., Blackburn, P. J., Ruffin, Eldridge, Barnes, Miller, Ellington and Phipps, JJ., concur.*

DECIDED MARCH 27, 2000.

---

[1] While *Knight* was originally physical precedent only with respect to this issue, one judge having concurred specially in Division 2, it has been cited with approval by the Supreme Court of Georgia. *Lowe v. State*, 267 Ga. 410, 412 (1) (b) (478 SE2d 762) (1996). It has also been cited without qualification by this court on several occasions. *Malone v. State*, 226 Ga. App. 185, 187 (2) (486 SE2d 57) (1997); *Chandler v. State*, 210 Ga. App. 424 (436 SE2d 539) (1993); *Kirkland v. State*, 206 Ga. App. 27 (2) (424 SE2d 638) (1992).

[2] The State in its brief requested that "[i]f this court does merge the aggravated assault conviction into the aggravated battery count, this court should remand the case for resentencing on the latter count as the sentence entered therein is void." But the State has not cross-appealed. Assuming without deciding that the sentence is void, the State has the right to appeal it. See *State v. Willis*, 218 Ga. App. 402, 404 (5) (461 SE2d 576) (1995). But the State has not done so here, and we cannot in fairness address this issue when it has not been properly raised.

*Caleb B. Banks,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Lori E. Loncon, Assistant District Attorneys,* for appellee.