## A04A0290. JONES v. THE STATE.
(598 SE2d 860)

SMITH, Chief Judge.

Melodie Rashun Jones was indicted jointly with her boyfriend, Marcus Rashad Rosser, by a Clayton County grand jury on one count of kidnapping, two counts of aggravated assault, one count of aggravated battery, and one count of possession of a firearm during the commission of a crime. A jury acquitted her of kidnapping, but found her guilty of the remaining crimes. Her motion for new trial was denied, and the trial court granted her motion for an out-of-time appeal. Jones contends that the trial court erred in permitting evidence of other crimes to be presented without prior notice and a hearing, as required by Uniform Superior Court Rules 31.1 and 31.3, and in failing to merge the aggravated assault counts with the count of aggravated battery. We find no merit in the former contention, but we do find merit in the latter contention. We therefore affirm the convictions but vacate Jones's sentence on the aggravated assault charges.

Construed to support the jury's verdict, the record shows that Jones and Rosser were acquainted with the victim, who had played video games at their apartment. On the evening in question, Jones and Rosser went to the victim's apartment and knocked on the door. When the victim opened the door, he saw that Jones, whom he knew as "Hershey," had a gun. Jones ordered him to "come with us," and he walked out into the parking lot with them. When the victim turned around, Jones shot him in the back of the head. The victim incurred severe head injuries, from which he is slowly recovering, and he was able to testify at trial. He testified that he could not remember with certainty why he was shot, but he "thought that they thought that I stole some money from them, I guess."

While the victim was still in the hospital, he was shown photographic lineups, and he positively identified both Jones and Rosser. Several months later, he was again shown the photo arrays, and he again positively identified Jones and her boyfriend as the couple who came to his apartment.

A close friend of the victim testified at trial that he knew Jones and her boyfriend and that the day after Jones shot the victim, Jones threatened to shoot him as well, if she and her boyfriend ever saw him around their apartment again. When police officers showed him the same photo lineups, he also identified Jones and Rosser as the persons who had threatened to shoot him.

1. Jones contends that allowing testimony regarding other crimes into evidence was reversible error, because no notice was given by the State and no hearing was held regarding admissibility. But it is well

established that "[t]o preserve a specific point for appellate review, an objection based on that specific ground must be made in the trial court. Because no such contemporaneous objection was made here, the issue was not preserved for our review." (Citation and footnote omitted.) *Miller v. State*, 243 Ga. App. 764, 767-768 (10) (533 SE2d 787) (2000).

Here, not only did Jones fail to object to this testimony, but the evidence itself was elicited not by the State, but by Jones's defense counsel. In cross-examining the victim's friend, Jones's trial counsel established that the friend had accompanied the victim to Jones's and Rosser's apartment. Defense counsel then asked the witness: "And what would you do when you were there?" The witness responded that he and Rosser would play "a specific game for money sometimes," and that the victim "occasionally sometimes" participated in these games. The witness at first testified that Rosser and Jones were "acquaintances," but he later testified that the relationship "was more like a business level really." When defense counsel inquired what kind of business he meant, the witness responded that he had "occasionally bought drugs from them."

We do not agree with Jones that the trial court erroneously admitted this evidence. "A defendant will not be allowed to induce an asserted error, sit silently hoping for acquittal, and obtain a new trial when that tactic fails. Induced error is impermissible and furnishes no ground for reversal." (Citations and punctuation omitted.) *Brison v. State*, 248 Ga. App. 168, 169 (3) (545 SE2d 345) (2001).

2. The State concedes, and we agree, that the aggravated assault charges should have been merged with the charge of aggravated battery for sentencing purposes, because the only evidence presented of aggravated assault by Jones was the actual shooting of the victim. But the shooting and resulting injury form the basis for the charge of aggravated battery. Since the same facts were used to support these offenses, it was error for the trial court to have sentenced Jones on the aggravated assault charge. *Riden v. State*, 226 Ga. App. 245, 246 (2) (486 SE2d 198) (1997). Because the sentences on the aggravated assault counts were run concurrently with that on the aggravated battery charge, we vacate only the sentences on the aggravated assault convictions. Id.

*Judgments of conviction affirmed and sentence vacated in part. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 19, 2004.

*James W. Bradley*, for appellant.

*Robert E. Keller*, District Attorney, *Bonnie K. Smith*, Assistant District Attorney, for appellee.