*Saul Blau,* for appellant.
*S. M. Landress,* for appellee.

57032. PERRYMAN v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for armed robbery.

The victim was in his nursery greenhouse when an

assailant approached him from behind, put a knife to his throat, and took approximately $23 from his pocket. The assailant then fled, removing a ski mask as he did so. The victim recognized the assailant as a former employee at this time and furnished his name and address to the police. A "lookout" was issued for him, and about a week later a patrolman received a radio call that the defendant had been located inside a drugstore. The defendant was apprehended, and during a pat-down search, a knife was discovered in his coat pocket.

This case was tried twice, with the first trial resulting in a mistrial due to the jury's inability to reach a verdict. The second trial resulted in the defendant's conviction. This appeal is from the denial of his motion for new trial. *Held:*

1. There is evidence to authorize the verdict, and we will not disturb it. See generally *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976).

2. Enumerations of error 2 and 8 are not supported by either argument or citation of authority and are therefore considered abandoned under Rule 18 (c) (2) of this court. Code Ann. § 24-3618 (c) (2).

3. The defendant enumerates as error the trial court's refusal to grant a hearing on his motion to suppress evidence on the knife. The motion was filed on the day the first trial began but prior to the joining of issue. Thus, it was a timely motion. See *Thomas v. State,* 118 Ga. App. 359 (2) (163 SE2d 850) (1968); *Gray v. State,* 145 Ga. App. 293 (1) (243 SE2d 687) (1978). Although the trial judge initially disallowed the motion on the ground that it was not timely filed, he nevertheless held a hearing on it during the trial, outside the presence of the jury. After hearing the testimony of the arresting officer, the court overruled the motion on its merits. Immediately prior to the beginning of the second trial, defense counsel renewed the motion; and, once again, it was denied.

It is the defendant's contention that the trial court denied the motion on the basis of the erroneous conclusion that it had not been timely filed. However, as stated above, the trial court did hear the merits of the motion during the course of the first trial. The transcript of that

hearing shows that the arresting officer learned from a police report that the defendant was wanted "in connection with an armed robbery" and that immediately prior to the arrest he received a radio communication that the defendant had been located at a drug store. The officer testified that he responded to the call with the intention of merely detaining the defendant for questioning by detectives since, at the time, he did not know whether the defendant was actually wanted for the robbery or whether he was merely wanted as a witness. In fact, of course, the police had probable cause to arrest the defendant for the robbery on the basis of the victim's report. Upon approaching the defendant, the officer conducted a protective pat-down search, discovered the knife, and arrested him for violating a municipal knife ordinance.

" '[P]robable cause can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest,' when there is 'some degree of communication between the two.' " United States v. Ashley, 569 F2d 975, 983 (5th Cir. 1978), citing Moreno-Vallejo v. United States, 414 F2d 901, 904 (5th Cir. 1969), cert. den. 400 U. S. 841 (91 SC 82, 27 LE2d 76) (1970). Accordingly, regardless of how the arresting officer may have understood the basis for his instructions to take the defendant into custody, he had probable cause to make the arrest, and the resulting seizure of the knife was lawful as the fruit of a search incident to a lawful arrest. Thus, the trial court did not err in denying the motion to suppress. See *Thomas v. State,* 118 Ga. App. 359 (2), supra.

4. The defendant claims error in the admission of evidence of two previous robberies committed by him. *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977) delineates the conditions which must be met to permit the admission of uncharged crimes. First, the evidence must show that the defendant was the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and that charged so that proof of the former tends to prove the latter. When these tests have been met, testimony concerning the independent crime is admissible to show identity, motive, plan, scheme, bent of mind, and course of

conduct. In the instant case, it is not disputed that the defendant was the perpetrator of the two previous robberies. The crimes were similar in that each was an armed robbery, all were committed within the same neighborhood, and no words were spoken during any of the robberies. While the manner of execution of the robberies was somewhat dissimilar in that the first two were carried out with a rifle and the one on trial was carried out with a knife, we hold that the trial court did not abuse its discretion in determining that there was sufficient similarity to allow the evidence.

5. The court's charge on the consideration to be given the two prior offenses was not erroneous for any reason assigned.

6. The trial court expressed no opinion on the evidence when, prior to defining the term "reasonable doubt" in his charge to the jury, he stated, "Now, I will define the term reasonable doubt, but I don't think it is necessary to do it." He was merely stating the law. See *Foster v. State,* 240 Ga. 858 (4), 860 (242 SE2d 600) (1978).

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED
FEBRUARY 13, 1979.

*Billy L. Spruell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.

