## 64902. BROOKS v. THE STATE.

SOGNIER, Judge.

Theft by taking, simple assault, habitual offender. On appeal Brooks contends that the trial court erred by denying his motion for a directed verdict of acquittal; by allowing a witness to remain in the courtroom after the rule of sequestration was invoked and not requiring the witness to testify first; by denying his motion for a mistrial after appellant's character was placed improperly in evidence; and by sentencing appellant to serve the maximum sentence for theft by taking, without probation, in violation of Code Ann. § 27-2511 (now OCGA § 17-10-7).

The evidence disclosed that two men were observed removing four tires which they had not paid for from the J. C. Penney store in Macon, Georgia. They started putting the tires in a car parked

outside and Mark Entrekin, a salesman for Penney's, told the men the police were coming and to stand against the wall. After throwing two tires out of the car's trunk onto the ground one of the men complied with Entrekin's order, but appellant got in the car and started the engine. Entrekin was standing by the driver's door, which was open, and repeated his order to appellant to get out and stand against the wall. However, appellant put the car in reverse and backed up, causing the car door to strike Entrekin and knock him down. Appellant then drove off, throwing the remaining stolen tires out of the car. Entrekin identified appellant positively as one of the two men who took the tires, and as the driver of the car which struck Entrekin.

1. Appellant's motion for a directed verdict of acquittal was based on the general grounds. A trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and such a verdict is demanded as a matter of law. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978). The evidence in the instant case did not demand a verdict as a matter of law. On the contrary, it is more than sufficient to sustain the verdict and meet the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, no error was committed by denying appellant's motion for a directed verdict of acquittal.

2. After the rule of sequestration was invoked the prosecuting attorney requested that Walter Shouse, a detective who investigated this case, be excepted from the rule of sequestration because "[h]is presence is necessary to assist me in giving an orderly presentation of the witnesses." Defense counsel objected on the ground that this was a simple case with only a few witnesses, and he (defense counsel) did not believe it was necessary; counsel made no request that Shouse be required to testify first. The trial court then ruled that Shouse could remain in the courtroom as an exception to the rule of sequestration. Shouse was one of the witnesses listed on the indictment and after the court's ruling the case proceeded to trial with no mention as to when Shouse would testify. OCGA § 24-9-61 (Code Ann. § 38-1703) provides for the sequestration of witnesses, and its enforcement is within the discretion of the trial court. *Simonton v. State,* 151 Ga. App. 431, 432 (3) (260 SE2d 487) (1979). We find no abuse of discretion in the judge's ruling. Further, in the instant case Shouse was called as a witness, without objection, after two other state witnesses had testified. Hence, appellant cannot raise the issue of the state's failure to call Shouse as its first witness for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979). See, however, *Lloyd v. State,* 146 Ga. App. 584 (1) (246 SE2d 697) (1978).

3. The state called Ellis Booker, appellant's uncle, as a witness

and on cross-examination Booker was asked where appellant was working in June (1981). Booker answered: "I don't know whether he was out of prison or not." Appellant moved for a mistrial on the ground that appellant's character was placed improperly in evidence by a state witness. The trial court denied the motion and instructed the jury to disregard Booker's answer as non-responsive, and not to consider the answer in any way. Appellant contends it was error to deny his motion. However, he did not renew his motion for a mistrial after the court's ruling and its curative instruction, and in a similar case this court held: "Since the rule requiring renewal of a motion for a mistrial following curative instructions has been retained in criminal cases, the issue has not been preserved for appellate review." *Bankston v. State,* 159 Ga. App. 342, 343 (3) (283 SE2d 319) (1981). Accordingly, this enumeration is without merit.

4. Appellant was indicted as an habitual offender and prior to sentencing, moved that the trial court consider granting him probation on his sentence for theft by taking, even though the court was required to impose the maximum sentence to confinement for that offense under the provisions of Code Ann. § 27-2511 (now OCGA § 17-10-7). The record does not indicate that the trial court gave any consideration to probating any portion of appellant's mandatory sentence. Appellant contends that the trial court erred by failing to exercise its discretion to consider him for probation. We agree.

While there is some question as to whether appellant had two or three prior felony convictions, that issue need not detain us, for in *Jackson v. State,* 158 Ga. App. 530, 532 (3) (281 SE2d 252) (1981), we held: " '(A)s pointed out in *Knight v. State,* 243 Ga. 770 (2) (257 SE2d 182), although Code Ann. § 27-2511 mandates that a second offender must be sentenced to the maximum punishment for the offense of which convicted, there is no limitation on the trial court's authority under Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) to grant probation of such a sentence. *This reasoning is equally applicable to a fourth offender recidivist* who, under Code Ann. § 27-2511 is not eligible for parole until the maximum sentence has been served. Probation is not parole. While there is a limitation on *parole* in Code Ann. § 27-2511, there is no such limitation on a trial judge's authority to *probate* a sentence in Code Ann. § 27-2502.' [Cit.]" (Emphasis supplied.)

Since the trial court did not exercise its discretion to consider probating appellant's sentence for theft by taking, the sentence for that offense must be reversed and remanded so the trial court can determine whether any portion of appellant's mandatory sentence should be probated. Id.

*Judgment of conviction of all offenses and the sentence for*

*simple assault is affirmed. The sentence for theft by taking is reversed and remanded for action in accordance with Division 4 of this opinion. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 12, 1983.

*R. Robider Markwalter,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.