## 66151. STANSIFER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Charles Stansifer, appeals his conviction of unlawful entry of an automobile with the intent to commit a theft. *Held:*

1. Prior to trial defendant's counsel requested a list of witnesses the state expected to call. Three witnesses who testified at trial were not on that list — Deputy Sheriff Pruitt, Don Ward, and Bessie

Stancil. Our Code provides that every accused, on demand, prior to arraignment, shall be furnished with a list of witnesses on whose testimony the charge is founded. An exception exists for those witnesses who are "newly discovered" since it is apparent that the charge was not based on their testimony. Code Ann. § 27-1403 (OCGA § 17-7-110).

Prior to trial the defendant's counsel and the assistant district attorney stipulated that the results of a polygraph examination of the defendant would be admissible at trial. Don Ward, a State Crime Lab polygraph examiner, testified that he performed the examination approximately one week before trial. Counsel for the defendant declined to be present during the examination. The assistant district attorney was not aware that the counsel had not attended but stated that defendant's counsel had been aware of the results before the State. Further, counsel for the defendant stated: "If he comes over, I'll talk to him. We should be able to do that on a break, Your Honor, or something like that."

The remaining two witnesses were not discovered until the day before the trial. The trial court granted a recess for counsel to talk to the deputy sheriff, and following the recess counsel made no further objection. No objection was made to Bessie Stancil when she was called as a witness.

"[T]he transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial." *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30). Defendant's counsel knew of the existence of the polygraph examiner and the result of the test, and was given the opportunity to talk to the witness prior to trial. The remaining two witnesses were "newly discovered" as that term is used in Code Ann. § 27-1403. We find no error in the procedure followed by the trial court. *Ellis v. State,* 248 Ga. 414 (3) (283 SE2d 870); *Abner v. State,* 139 Ga. App. 600 (4) (229 SE2d 83); *Ferrell v. State,* 149 Ga. App. 405 (6) (254 SE2d 404); *Gooch v. State,* 155 Ga. App. 708 (2) (272 SE2d 572).

2. It is alleged that the State placed the defendant's character in evidence and the court erred in not granting a mistrial. Deputy Sheriff Pruitt, when called as a witness, was asked if he knew the defendant. He responded: "I just know him by the case that I made against him that day." The court instructed the jury to disregard the answer and then questioned them extensively to insure they understood and would follow his charge to them.

The incident referred to was an arrest of Stansifer for driving under the influence and it led to his car being taken to the police station. Bessie Stancil took Donald Ponder — defendant's co-

accused, to the police station that evening to permit Ponder to get his "camping equipment." Stansifer consented for Ponder to get his equipment. The police accompanied Ponder and when the trunk was opened saw some tools, six half-gallons of whiskey, and a canvas. Ponder took the canvas object. Bessie Stancil pointed out the canvas to police officers at her house. The canvas recovered from Bessie Stancil was identified as a boat cover taken from the vehicle which had been unlawfully entered. Also taken from the vehicle were eight half-gallons of whiskey.

At a subsequent meeting of investigators from various counties this information led to the eventual identification and prosecution of Stansifer and Ponder. We find no error for two reasons. First, the incident referred to was stricken and the jury instructed to disregard. "Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. [Cits.]." *Jones v. State,* 139 Ga. App. 643, 644 (229 SE2d 121). We find no abuse of discretion. Secondly, the objectionable information was not responsive to the question. Thus, there was no attempt by the State to elicit inadmissible evidence. Hence, we do not find the court erred in overruling the motion for a mistrial. *Johnson v. State,* 144 Ga. App. 695 (242 SE2d 348); accord, *Britten v. State,* 221 Ga. 97 (5) (143 SE2d 176).

3. The State displayed to a witness a hat label, a jacket, and tools, which they contended had been taken from the car which had been unlawfully entered. The witness was testifying as to what had been taken from the car. Defendant's counsel objected on the ground of the lack of a foundation. Finally he stated, "I would lodge an objection at this point in time to the introduction of this evidence because the State has not laid the foundation that this evidence was legally obtained. There was no motion to suppress filed under Georgia Code Annotated 27-313. However, that Code Section is permissive in the fact that it uses the term 'may' file a motion to suppress . . . The defendant is placing an objection at this time to the evidence being introduced without its having laid a proper foundation as to the fact whether or not it was legally obtained through the course of the investigation or where it was." The court noted the objection and stated it would rule on it later. At a subsequent time during the trial defendant's counsel had a discussion "off the record" with the court and the jury was excused and a hearing was held on "the search and seizure of the items . . ." We will assume that counsel made a request for a hearing on the legality

of the items seized and that this hearing outside the presence of the jury was in compliance with Code Ann. § 27-313 (now OCGA § 17-5-30). This section provides that any party aggrieved by an unlawful search and seizure may move the court to suppress such evidence. However, it also provides that "[t]he motion shall be in writing and state facts showing that the search and seizure were unlawful." Code Ann. § 27-313 (b). The defendant made no written motion to suppress nor did he show wherein the search and seizure were unlawful before these items of evidence were offered in open court. We find no error.

If the defendant desires to challenge the admissibility of evidence seized by the police he is permitted to move to suppress those items, in writing, by stating facts which show the search and seizure were unlawful. Although the Code does not provide for a specific time when such motion must be filed, it is clear that it shall be filed before trial as the "purpose is to avoid the interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained." *Thomas v. State,* 118 Ga. App. 359, 361 (163 SE2d 850); Anno. 50 ALR2d 583. Both of our appellate courts have held that "a failure to interpose a timely motion to suppress pursuant to the Act (Georgia Search and Seizure Act of 1966) constitutes a waiver of the constitutional guarantee with respect to the search and seizure in question. [Cits.]" *Hawes v. State,* 240 Ga. 327, 333 (240 SE2d 833); *Watts v. State,* 117 Ga. App. 558 (1) (161 SE2d 516). "Before the state's burden of proving a lawful seizure arises, the defendant must set forth '. . . facts showing wherein the search and seizure were unlawful.' " *Smith v. Hopper,* 240 Ga. 93, 95 (239 SE2d 510). And, motions made during trial are properly held to be dilatory. *Holton v. State,* 243 Ga. 312, 317 (253 SE2d 736).

Here the State was not placed on notice that the defendant was even contesting the legality of the search and seizure. If defendant had wanted to prevent the jury from seeing evidence taken in the search before a ruling was obtained on the search and seizure, he had a perfect vehicle — file a written motion to suppress before trial and have that issue decided before such evidence is shown to the jury. Hence, we find no error in the procedure followed after the defendant failed to file a written motion to suppress before trial, or place the State and court on notice that it contests legality of the search before the evidence seized has been shown to a witness during trial to establish a foundation for admissibility. See *Hawes v. State,* 240 Ga. 327, 333, supra; *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698); *Bissel v. State,* 126 Ga. App. 61 (2) (189 SE2d 701); *Wilson v. State,* 126 Ga. App. 145, 147 (190 SE2d 128); *Burnette v. State,* 156 Ga. App. 441, 442 (275 SE2d 94).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 1, 1983.

*George W. Weaver,* for appellant.
*Rafe Banks III, District Attorney, Channing Ruskell IV, Assistant District Attorney,* for appellee.