## 67693. JONES v. THE STATE.

BIRDSONG, Judge.

Lewis Alton Jones was indicted on six counts for burglary. He was tried on three counts, the others being severed, and found guilty on one count of burglary and two counts of the lesser included offense of criminal trespassing.

The evidence as to Count 1 showed that on August 30 the sixteen-year-old victim awakened in her upstairs bedroom to find a man standing over her bed. He choked her and told her he would kill her if she screamed, and attempted to rape her but was unsuccessful because the victim struggled. He told the victim his name was Willie Rogers and at his request, she wrote her telephone number on a piece of paper. When he was gone, she went to the bathroom to collect herself and then went downstairs and told her mother; her mother called the police. A week or two later, on Saturday, a man called and said he was Willie. The mother, who answered the phone, pretended to be the sixteen-year-old victim; she asked him to call back the next afternoon. Meantime, she called the police, who advised her what to do. On Sunday afternoon, the police were present when the man called back. Three times he called; the calls were taped. The man said he was Willie and apologized for having come to the house and frightened the "victim." He wanted to come over and was invited for 6:00 p. m.; when he arrived, the police, after a short chase, arrested appellant. At trial, Jones testified that he had not committed the offense but called the victim because a white boy told him this girl was nice and liked black men, and urged Jones to call her. He said that when he called he was asked if he was "Willie" and if he was sorry for frightening the victim, and that he went along with both queries because he wanted to be "slick." He contended, however, that he was framed. He was found guilty of criminal trespass on this burglary count.

As to Count 2 of the indictment, another young woman testified that on August 28, 1982, she awakened in her bed in the early morning to find a man standing over her. She screamed and the man ran out. Her mother found that the front door, which had been locked, was unlocked and open. A week before the incident, a man had called to the young woman on the street near her house; he asked her to "come here" and when she declined, he asked for her telephone number, to which she replied she had no telephone. At trial, the young woman identified appellant as the man in her bedroom and the man who accosted her on the street, although at an earlier hearing she had said she was not sure she recognized him when he was in her bedroom. The young woman picked the appellant out of a police lineup. Appellant

was found guilty of criminal trespass for this offense.

As to Count 3, a woman testified that on September 3, 1980, she was awakened by the stair-light being turned on, and looked up to find a man standing at her bedroom door. She could clearly see him. She screamed and the man ran downstairs. The woman's husband, who had been asleep downstairs, did not see the man. At a preliminary hearing, the woman described him as having long braided hair. At trial she described the man as having had short hair. She picked the appellant out of a police lineup and identified him at trial as the man who had been in her house. Ten dollars was taken in the incident. Appellant was convicted of burglary on this count.

Appellant attempted to show that at both police lineups where he had been identified, the other contestants had pointed or nodded towards him so that he would be identified. Upon conviction, appellant was sentenced for the offenses to serve twenty years without parole, upon evidence of recidivism. He appeals. *Held:*

1. Appellant argues that the trial court improperly limited his right to cross-examination when the appellant attempted to introduce and recite a portion of the taped phone call transcript without the whole and without laying a proper foundation. Appellant apparently wished to show that the victim he called had enticed him to come to her house. The trial court ruled that all of the conversation transcript should be introduced, or none of it, so that a portion would not be taken out of context. In this case, however, the appellant at trial did not insist upon a right to present a portion of the transcript, and made no actual objection to the denial of his request. He merely asked for a recess to review the entire transcript and then abandoned the request to introduce a portion and volunteered to testify as to his own version of how he was enticed to the victim's house. Appellant stated that there was "no need to enter this transcript." There is, therefore, no objection below to be considered on appeal. See *Sides v. State,* 213 Ga. 482 (5) (99 SE2d 884); *Beecher v. State,* 164 Ga. App. 54 (4) (296 SE2d 374).

2. The contention that the state impermissibly placed appellant's character in issue is without merit, inasmuch as the trial court gave prompt and adequate curative instructions to the jury, and appellant did not renew his motion for mistrial. *McDaniel v. State,* 248 Ga. 494, 496 (283 SE2d 862); *Brooks v. State,* 165 Ga. App. 115, 117 (299 SE2d 167).

3. Appellant contends the evidence does not support a guilty verdict of the lesser included offense of criminal trespass on the Count 2 burglary indictment. He argues there is no evidence he "[e]nter[ed] upon the land or premises of another person . . . for an unlawful purpose" OCGA § 16-7-21 (b) (Code Ann. § 26-1503), as

there is no evidence he intended to violate a criminal law: he merely stood in the bedroom door looking at the victim. The state responds that a defendant should not be permitted to request a jury charge upon a lesser offense and then contend the evidence is insufficient to support that finding. This argument may seem appealing on the surface, but it is a trap which would deter a defendant in a weak case from ever requesting a charge of lesser included offense for fear he might be stuck with it. There is nothing inconsistent in the right to contend that the evidence supports neither the greater nor the lesser offense, while yet being wise enough to request the lesser offense charge.

Nevertheless, any rational trier of fact could have found from the evidence that the appellant entered the victim's house "for an unlawful purpose," beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 16, 1984.

*Gerald S. Stovall,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.