DECIDED MAY 29, 1984 —
REHEARING DENIED JUNE 15, 1984 —

*R. Edgar Campbell*, for appellant.
*Kenneth B. Hodges, Jr.*, for appellees.

## 68422. COLLIER v. THE STATE.

BANKE, Presiding Judge.

The defendant was convicted of two counts of violating the Georgia Controlled Substances Act and one count of escape from lawful custody. On appeal, he contends that the trial court erred in dismissing as untimely his motion to suppress the evidence which formed the basis for his arrest and conviction on the drug charges.

Based on an unidentified informant's tip to the effect that the defendant was currently in possession of cocaine, police officers stopped his vehicle and subjected him to what was described as a patdown search for weapons. This search resulted in the seizure from the defendant's pants pocket of a plastic straw containing a white powdery residue. The defendant was thereupon placed under arrest, handcuffed, and seated in the back of a patrol car. A search of his vehicle resulted in the discovery and seizure of a quantity of cocaine and a quantity of methylphenidate, both of which are controlled substances. While this search was being conducted, the defendant crawled out a window of the patrol car and fled; however, he later turned himself in.

The motion to suppress was filed prior to the calling of the docket on the morning of trial, before the issue had been joined. The trial court dismissed it as both untimely and dilatory. *Held*:

OCGA § 17-5-30 (former Code Ann. § 27-313) does not specify a period of time within which a motion to suppress must be filed, and this court has previously held that the statute permits a motion to suppress to be filed at any time prior to trial. See *State v. Shead*, 160 Ga. App. 260 (1), 261 (286 SE2d 767) (1981); *Perryman v. State*, 149 Ga. App. 54 (253 SE2d 444) (1979). See also *Waller v. State*, 251 Ga. 124 (5) (303 SE2d 437) (1983) (wherein, in apparent reliance on these two cases, the Supreme Court held that the motion may be made at any time before the defendant enters his written plea).

Nothing in *Holton v. State*, 243 Ga. 312 (253 SE2d 736) (1979), is in conflict with the above holdings. The Supreme Court there upheld the trial court's action in dismissing as dilatory a defendant's *second* motion to suppress, which was filed on the eve of trial and was predi-

cated on facts known to the defendant at the time of the hearing on a previous motion to suppress. In the case before us, it appears without dispute that the defendant's attorney had never even made a prior court appearance on the defendant's behalf prior to the day of trial, much less argued a prior motion to suppress.

We recognize that the right of a defendant to file a motion to suppress immediately prior to trial is subject to abuse in that it may be employed as a dilatory tactic resulting in lengthy proceedings outside the presence of the jury at a time when jury panels have already been assembled to try cases. Undoubtedly, a better procedure would be to allow the trial court to set at arraignment a time limit for making such motions, as is done in the federal courts. See Rule 12 (c), Fed. Rules of Crim. Proc. We note, however, that the defendant in this case had apparently never entered a plea prior to the time the motion was filed.

Because all three of the defendant's convictions depend on the lawfulness of his arrest and of the subsequent search of his vehicle, the judgment of the trial court is reversed with direction that a ruling be made on the merits of the motion to suppress, following a proper evidentiary hearing. In the event the defendant's arrest is determined to have been valid and the evidence in question to have been lawfully seized, the convictions may be reinstated, without prejudice to the defendant's right of appeal.

*Judgment reversed with direction. Pope and Benham, JJ., concur.*

DECIDED MAY 31, 1984 —
REHEARING DENIED JUNE 15, 1984 — 

*James A. Elkins, Jr.*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.