A89A1486. THE STATE v. SCHWALL.
(388 SE2d 705)

Pope, Judge.

Defendant James Lamar Schwall, Jr., was indicted for violation of the Georgia Controlled Substances Act on September 7, 1988. An order of the trial court recites that defendant's counsel was appointed to represent him on September 14, 1988. Said counsel filed motions in the case showing him to be counsel of record on January 13, 1989. Although defendant was arraigned on January 18, 1989, his counsel asserts that he received no notice of the arraignment from the clerk of the court but appeared at the arraignment hearing only because his client notified him by telephone on the evening before the hearing. Counsel filed a motion to suppress certain evidence on January 23. The State presented no evidence or argument at the hearing on the motion to suppress but relied solely on its motion to dismiss on the ground the motion to suppress was untimely filed. Defendant's motion to suppress was granted and the State appeals.

Rule 31.1 of the Uniform Superior Court Rules requires all motions in a criminal case to be filed at or before the time of arraignment. Under a strict application of this rule defendant's motion to suppress would be untimely and therefore his objection to the evidence waived. However, the Uniform Rules also require that notice of the date, time and place of arraignment be delivered to all attorneys of record. Uniform Superior Court Rule 30.1. The lower court judge found that defendant's counsel in this case was not properly notified of the arraignment date even though he had previously been appointed to serve as defendant's counsel and had previously filed pleadings in the case.

Prior to adoption of the uniform trial court rules, no time requirement was placed on defendant's right to bring a motion to suppress except for the requirement "that it shall be filed before trial as the 'purpose is to avoid the interruption of the trial for the purpose of investigating the collateral issue of the legality of the means by which the evidence was obtained.' [Cits.]" *Stansifer v. State*, 166 Ga. App. 785, 788 (305 SE2d 481) (1983). Although the motion to suppress in this case was filed after the date of arraignment, it was filed before trial and did not interrupt or delay the trial of the case. Since defendant's attorney had no prior notice of the arraignment, to dismiss the motion to suppress as untimely would have been manifestly unjust. See *Collier v. State*, 171 Ga. App. 214 (319 SE2d 51) (1984) (where this court held the defendant should have been allowed to bring a

motion to suppress evidence filed on the morning of trial because the record showed that defendant's attorney had never made a court appearance on behalf of the defendant prior to the day of the trial). The facts of this case are distinguishable from those in *State v. Grandison*, 192 Ga. App. 473 (385 SE2d 139) (1989), in which the majority of the court ruled to reverse the granting of an untimely motion to suppress evidence, because in that case defendant's counsel had notice of the arraignment hearing and therefore had the opportunity to apply for a written extension of time to file the motion, pursuant to Rule 31.1, but failed to do so.

On a motion to suppress evidence, the burden of proving the search and seizure were lawful is on the State. OCGA § 17-5-30 (b). Here, the State presented no evidence at the hearing and relied only upon its motion to dismiss. The trial court did not err in granting defendant's motion to suppress.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 26, 1989 —
REHEARING DENIED NOVEMBER 28, 1989 —

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellant.
*Robert H. Suttles*, for appellee.