## A96A1857. HATCHER v. THE STATE.
(482 SE2d 443)

BEASLEY, Judge.

Hatcher was convicted of violating the Georgia Controlled Substances Act, OCGA § 16-13-30, by possessing less than a gram of methamphetamine or "crank."[1]

The evidence is viewed under the standards used in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) (1991); and *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) (1994).

Narcotics agent Hudson was on patrol around 1:00 a.m. when he spotted a vehicle exceeding the speed limit and stopped it. Driver

---

[1] Hatcher's conviction of speeding, OCGA § 40-6-181, is not at issue.

Hatcher immediately jumped out of his car and approached the officer quickly. He appeared nervous, which made Hudson nervous because Hatcher's behavior cautioned the officer that he might have a weapon or have something surreptitious in mind. Hudson asked Hatcher if he had any prior tickets or had recently been jailed. Hatcher responded he had been locked up for violating the Georgia Controlled Substances Act. Hatcher refused consent to search his vehicle.

Hudson read Hatcher his *Miranda* rights and told him if he had any misdemeanor amounts of marijuana in the vehicle he would issue only a citation for it. Hatcher admitted there was a small amount of marijuana and offered to get it but again refused consent to search. The officer rejected Hatcher's offer because of the risk he had a weapon in the car.

Hudson retrieved his drug dog which, in its second pass around Hatcher's car, alerted to the presence of drugs. Hudson left Hatcher in the custody of another officer and went for a search warrant. When he returned with the warrant, Hatcher admitted both marijuana and "crank" were in a side pouch of the car, and Hudson found the drugs there.

1. The first error enumerated is the dismissal of Hatcher's motion to suppress without a hearing. Six months after arrest, on December 22, 1994, Hatcher waived arraignment and pled not guilty in the presence of his attorney. At no time on that date or any date thereafter did he request an extension for motions. The reason he gave for the delay in filing the motion was that he was unable to obtain access to the search warrant affidavit, which he indicated he needed to comply with the requirement of specificity for the motion. The court was not persuaded that this was good cause. The motion, filed January 17, 1995, was dismissed as untimely and for lack of specificity, at the outset of the separately scheduled motions hearing in February. The trial was held in May.

A defendant aggrieved by an unlawful search and seizure pursuant to a warrant may make a motion to suppress the evidence, which must be in writing and state facts showing the unlawfulness of the search and seizure. OCGA § 17-5-30. The motion must be made at or before the defendant's arraignment and if not made at the proper time is waived unless the time for filing is extended by the judge in writing. Uniform Superior Court Rule 31.1; *State v. Grandison*, 192 Ga. App. 473, 474 (385 SE2d 139) (1989). This rule has evolved over time. See, e.g., *Thomas v. State*, 118 Ga. App. 359, 360-362 (163 SE2d 850) (1968). The purpose of the time requirement in USCR 31.1 is fundamental fairness to all parties and those who must attend trial. See, e.g., *Loggins v. State*, 260 Ga. 1, 2 (388 SE2d 675) (1990). Failing to file a timely motion to suppress amounts to a waiver of even con-

stitutional challenges. *Ellis v. State*, 216 Ga. App. 232, 233 (1) (453 SE2d 810) (1995).

Hatcher argues that even if the motion was tardy, it had substantial merit and should have been heard, relying on *Collier v. State*, 171 Ga. App. 214 (319 SE2d 51) (1984). Whether the motion has merit is not an issue; the rule does not apply only to nonmeritorious motions, although facial merit may persuade a court that the motion is not a delaying tactic and, particularly where trial is not imminent, exercise its discretion to extend the time in writing, receive evidence and decide the motion despite defendant's noncompliance with the time requirement. *Collier* differs for several reasons. It was decided before the advent of the uniform rules; Collier had not been arraigned before trial; and no attorney appeared for Collier before trial. In contrast, Hatcher was arraigned with counsel, who filed motions and attended hearings on Hatcher's behalf long before trial.

*State v. Schwall*, 193 Ga. App. 694, 695 (388 SE2d 705) (1989), also relied on by Hatcher, is likewise distinguishable. Schwall's counsel attended arraignment but only learned of it through his client. He never received notice himself, although he was appointed counsel and had filed pleadings. The trial court permitted the motion to be filed five days after arraignment. We held, "Since defendant's attorney had no prior notice of the arraignment, to dismiss the motion to suppress as untimely would have been manifestly unjust." Id. at 694. Hatcher's counsel does not contend he had no prior notice of arraignment.

Other cases cited by Hatcher do not advance his cause. *Gray v. State*, 145 Ga. App. 293 (243 SE2d 687) (1978), does not indicate the motion was filed untimely or was otherwise procedurally deficient. Both *Stansifer v. State*, 166 Ga. App. 785 (305 SE2d 481) (1983), and *Perryman v. State*, 149 Ga. App. 54 (253 SE2d 444) (1979), which held that the motion was timely if filed before trial, were decided prior to adoption of the Uniform Superior Court Rules.

Hatcher had several options. He could have timely filed the motion and moved for leave to amend it when the affidavit was obtained. He could have sought an extension of time. He could have moved for leave to file late when he had the affidavit. He was not denied a meaningful opportunity to challenge the search and seizure. Accordingly, it was not an abuse of discretion to dismiss the motion to suppress, even though trial did not transpire for three months. See *Burch v. State*, 213 Ga. App. 392, 393 (1) (444 SE2d 370) (1994); *Watkins v. State*, 207 Ga. App. 766, 770 (2) (a) (430 SE2d 105) (1993).

The challenge to the court's other basis for dismissal of his motion to suppress is moot.

2. The next enumeration of error is the imposition of a 30-year

recidivist sentence.

(a) Hatcher's first ground is that the court failed to determine if he received affirmative and unmistakable advance warning of the State's intention to use prior offenses for recidivist purposes. He seeks remand for the court to make that determination. If the State intends to introduce evidence that defendant is a recidivist for sentencing purposes, it "must notify defendant of any conviction it intends to use in aggravation of punishment pursuant to OCGA § 17-10-2 (a). . . . The purpose of § 17-10-2 is to give defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." (Citations and punctuation omitted.) *Armstrong v. State*, 264 Ga. 237, 238 (1), (2) (442 SE2d 759) (1994).

Hatcher was convicted and sentenced on May 10, 1995. The record contains the State's notice of its intent to ask for Hatcher to be treated as a recidivist under OCGA § 17-10-7, based on four described prior convictions. The notice is signed and dated May 8, 1995, but is stamped as filed on November 23, 1995. It is unaccompanied by a certificate of service, although all other record documents have certificates indicating Hatcher was served. The record contains no affirmative indication that the State provided Hatcher with the required notice of aggravating circumstances as required by the statute. The State failed to fulfill its duty under OCGA § 17-10-2 (a).

At the presentence hearing, the State introduced four, and the court admitted three, of Hatcher's prior convictions into evidence. Hatcher's counsel did not object to the admission of the convictions and affirmatively stated he did not contest their admission, thereby waiving error. *Armstrong*, supra; *Tillman v. State*, 217 Ga. App. 269, 270 (2) (457 SE2d 228) (1995).

(b) The second ground is that the court failed to assure that the record affirmatively reflected that the court exercised its discretion in considering whether to probate any portion of Hatcher's sentence, so that remand is necessary for this purpose as well. OCGA § 17-10-7 (a) mandates the maximum statutory sentence but allows a court to probate some or all of that sentence, even as to a fourth felony offender. *State v. Carter*, 175 Ga. App. 38, 41 (332 SE2d 349) (1985). Hatcher cites *Brooks v. State*, 165 Ga. App. 115, 117 (4) (299 SE2d 167) (1983), and *Jackson v. State*, 158 Ga. App. 530, 532 (3) (281 SE2d 252) (1981), for the proposition that a trial court must exercise the discretion and consider probation.

*Jackson* is distinguishable, since the trial court had erroneously concluded it did not have authority to probate defendant's sentence. In *Brooks*, "[t]he record [did] not indicate that the trial court gave any consideration to probating any portion of appellant's mandatory

sentence," id. at 117 (4), and the defendant won remand for the court to affirmatively exercise its discretion. Hatcher likens his case to *Brooks*.

Unlike *Brooks*, but like *Cox v. State*, 205 Ga. App. 375 (2) (422 SE2d 68) (1992), the court allowed Hatcher to present evidence in mitigation. The reasoning in *Cox* applies here: "Knowing that it was required to impose the maximum sentence, the trial court obviously would not have inquired about mitigating evidence unless it was prepared to consider that evidence in connection with probation or suspension of the maximum sentence. It is only 'where the trial court has a legal discretion to exercise but fails to do (so), instead resting the decision upon an erroneous point of law, (that) reversal must follow. (Cits.)' . . . [Cit.] In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing appellant's sentence. Appellant had no viable cause for complaint that, in the exercise of its discretion, the trial court declined to probate or suspend a portion of the recidivist sentence." Id. at 375-376 (2). See also *Knight v. State*, 221 Ga. App. 92, 93 (470 SE2d 486) (1996).

3. The court permitted the State to introduce three prior violation of the Georgia Controlled Substances Act transactions, one for possession of methamphetamine and two for selling small amounts of the drug, as evidence of similar transactions. Error is enumerated in the admission of the two prior convictions for drug dealing in the trial for simple possession. Assuming but not deciding that Hatcher's objection was timely under USCR 31.3 (B), the evidence was properly admitted.

Hatcher concedes on appeal that the court properly admitted evidence of his prior conviction for possession of methamphetamine, since his sole defense at trial was that the drugs had been left in the car by his brother who had recently died of an overdose. His entire defense turned on his credibility as a witness, and he acknowledges the relevancy of his possession of the drug on prior occasions. He argues that his convictions of drug sales were improperly admitted because they raised a character inference that he was a drug dealer and not just a user. He contends that the impact of this evidence, particularly when his sole defense turned on his credibility, was highly and inherently prejudicial.

Under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), the trial court is required to determine if the probative value of the evidence outweighs its prejudicial effect, but the court failed to do so on the record. Nonetheless, "it is clear in this case that based upon defendant's denial of the commission of the subject crime ([possession of methamphetamine]), a past conviction involving the intent to commercially distribute [methamphetamine] would be most help-

ful to the jury, and therefore the State's need would have outweighed the prejudice to the defendant. Any error by the trial court in failing to apply the balancing test was harmless under the facts of this case." (Emphasis omitted.) *Chappell v. State*, 215 Ga. App. 596, 597 (1) (451 SE2d 491) (1994).

As to similarity, "[t]here is no requirement that, to come within the 'other transaction' exception, the 'other transaction' must be identical in every [respect]. 'The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence "may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' " (Cit.)' [Cit.] 'Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.' . . . [Cits.]" *Faison v. State*, 199 Ga. App. 447, 448-449 (1) (405 SE2d 277) (1991). See also *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992).

The State met the criteria established in *Williams*. It made an affirmative showing that it sought to introduce evidence of the similar transaction for the purpose of showing course of conduct, intent and bent of mind. There was ample evidence that Hatcher committed the independent acts within five months of each other, and there was a sufficient similarity between the transactions and the crime charged so that proof of the former tended to prove the latter. First, all of the transactions occurred in the metropolitan Atlanta area, specifically within 15 miles of Hatcher's residence. Second, in each situation, Hatcher was in his car. Third, possession, and in some cases sale, each time involved less than a gram of methamphetamine contained in a small clear plastic bag. In its instructions to the jury, the court gave appropriate limiting instructions.

No reversible error is shown.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 20, 1997 — ■

*Maloy & Jenkins, James K. Jenkins*, for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney*, for appellee.