## A98A0390. STEWART v. THE STATE.
(502 SE2d 502)

RUFFIN, Judge.

A jury found George Stewart guilty of violating the Georgia Controlled Substances Act by possessing cocaine with intent to distribute (OCGA § 16-13-30 (b)) and speeding (OCGA § 40-6-181). Stewart appeals, contending that there was insufficient evidence to support his conviction for possession of cocaine with intent to distribute, and consequently, the trial court improperly denied his "Motion for Judgment or Acquittal Notwithstanding the Verdict, or in the alternative a New Trial." Stewart further contends that the trial court erred by dismissing his motion to suppress. For reasons which follow, we affirm.

We note initially that Stewart filed a "Motion for Judgment or Acquittal Notwithstanding the Verdict or in the alternative a New Trial." "No statutory provision for judgment n.o.v. exists in the statutory criminal law of Georgia and the Supreme Court, in *Wilson v. State*, 215 Ga. 775 (1) (113 SE2d 607) (1960), declined to create such a remedy judicially." *Rhyne v. State*, 209 Ga. App. 548, 550 (1) (434 SE2d 76) (1993). Accordingly, Stewart's post-conviction motion for j.n.o.v. was not appropriate. However, because Stewart also requested a new trial and properly raised the sufficiency of the evidence on appeal, we now consider this issue.

1. Stewart contends that the trial court erred in denying his motion for new trial because the evidence was insufficient and the verdict was against the weight of the evidence. We disagree.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.] The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) is the proper test for an appellate court to use in resolving questions of insufficiency of the evidence during the direct appeal of a judgment of conviction. Moreover, the reasonable doubt test established in *Jackson v. Virginia*, supra, 'is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling

of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.' [Cit.]" *Jowers v. State*, 225 Ga. App. 809, 810 (484 SE2d 803) (1997).

Construed in a light most favorable to the verdict, the record shows that on November 22, 1996, at approximately 10:46 a.m., Officers Mark C. Whitwell and Scott Whitwell observed a vehicle traveling 62 mph in a 45 mph zone. The officers stopped the vehicle. Stewart, the driver and sole occupant of the vehicle, was very nervous when approached by the officers. Stewart's hand was shaking excessively and his voice was "cracked." One of the officers observed Stewart pull his hand from his pocket and place an object between the seat and the console. The officers detected an odor of marijuana coming from the vehicle and noticed ashes on Stewart's clothing. Stewart was advised that an odor of marijuana had been detected, and he consented to a search of his car. Upon searching the car, the officers located a black zippered bag between the console and the driver's seat. The bag contained 51 pieces of crack cocaine and weighed approximately 4.9 grams.

At trial, one of the officers testified that based on his experience, the value of the cocaine rocks was probably $20 per piece. The officer also testified that from his experience as a law enforcement officer, "normally a user will have maybe one or two pieces of crack cocaine or have a smoking apparatus — what they call a crack pipe. Normally with an amount like that, in my experience I've seen it basically for sale and not for personal use."

Stewart testified that after he was stopped one of the officers told him that an odor of marijuana had been detected in his car. According to Stewart, he denied smoking marijuana and the officers began searching his car without consent. Specifically, Stewart testified that while one of the officers issued a warning for speeding, the other officer proceeded to the right side of the car, opened the car door and began to search the car without Stewart's permission. Stewart denied ownership of the bag found in his car. Stewart further testified that the car had been recently driven by other people who he knew used illegal drugs.

Although Stewart denied ownership of the contraband, there is sufficient evidence from which any rational trier of fact could find beyond a reasonable doubt that he was guilty of the offenses for which he was convicted. *Jackson v. Virginia*, supra. Therefore, the trial court did not err by denying Stewart's motion for new trial. Id.

2. Stewart asserts that the trial court improperly dismissed his motion to suppress illegally seized evidence without a hearing. The record reveals that Stewart was arraigned on the aforementioned charges and pled not guilty in the presence of his attorney, but failed to make a request for an extension of time to file motions pursuant to

Uniform Superior Court Rule 31.1. Stewart filed the motion to suppress five weeks after arraignment. Stewart's counsel explained that the delay in filing was due to "exploring some other possibilities, perhaps even plea bargaining." Notwithstanding counsel's explanation, the trial court dismissed the motion as untimely.

"A defendant aggrieved by an unlawful search and seizure pursuant to a warrant may make a motion to suppress the evidence, which must be in writing and state facts showing the unlawfulness of the search and seizure. OCGA § 17-5-30. The motion must be made at or before the defendant's arraignment and if not made at the proper time is waived unless the time for filing is extended by the judge in writing. Uniform Superior Court Rule 31.1. This rule has evolved over time. The purpose of the time requirement in USCR 31.1 is fundamental fairness to all parties and those who must attend trial. Failing to file a timely motion to suppress amounts to a waiver of even constitutional challenges." (Citations omitted.) *Hatcher v. State*, 224 Ga. App. 747, 748-749 (1) (482 SE2d 443) (1997).

Relying on *Hawes v. State*, 240 Ga. 327 (240 SE2d 833) (1977), Stewart argues that Georgia law does not provide for a specific time to file a motion to suppress, only that it must be made at trial. *Hawes* does not support this contention because it was decided before the advent of the Uniform Superior Court Rules, which became effective July 1, 1985. Uniform Superior Court Rules (1993 version). Other cases cited by Stewart, *Stansifer v. State*, 166 Ga. App. 785 (305 SE2d 481) (1983) and *Collier v. State*, 171 Ga. App. 214 (319 SE2d 51) (1984) were also decided prior to the adoption of the uniform rules.

As the trial court indicated, Stewart had the opportunity to move for an extension of time to file the motion, but failed to do so. Accordingly, the trial court did not abuse its discretion by dismissing Stewart's motion to suppress. *Hatcher*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 18, 1998.

*Ninfo & Associates, Mario S. Ninfo*, for appellant.
*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.